# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 4505 | **DATE** | 8/15/2001 |
| **CASE TITLE** | UNITED STATES vs. YETUNDE FOLAMI | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **The petition for a writ of habeas corpus pursuant to 28 USC 2255 is denied.**
(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | AUG 17 2001 | |
| | Notices mailed by judge's staff. | | date docketed | |
| | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| ✓ | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | FILED FOR DOCKETING 01 AUG 16 AM 9:49 | AUG 17 2001 date mailed notice | |
| DW | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Respondent,<br><br>v.<br><br>YETUNDE FOLAMI,<br><br>Defendant-Petitioner. | No. 01 C 4505<br>Judge James B. Zagel |



## MEMORANDUM OPINION AND ORDER



In this case, the defendant was convicted of conspiracy to possess with intent to distribute more than a kilogram of heroin. She was acquitted of the charge of attempting to possess that heroin. The twist in the case is that the government inadvertently destroyed the heroin, and she complains that her lawyer was ineffective for not making more of the point.

The evidence was simple. A woman named Iwese smuggled heroin from Nigeria to New York and was caught by Customs agents. She cooperated and called her employer in Nigeria and reported her safe arrival. She went on to Chicago as planned and, under surveillance, waited in a hotel room after calling her employer to tell where she could be found. A man, Tony, called her and told her that another woman would call and then come to the room. That woman was the defendant Folami who called, but then did not come until the next day when she knocked on Iwese's door. Folami told Iwese that she, Folami, was the person whom Iwese was expecting. She explained that she had taken her time because the hotel was in a dangerous area. Iwese pointed to a box and told Folami that this was the box to be picked up. Folami asked if Iwese were alone and then decided to check the bathroom. There she saw one of the surveillance

officers, turned and ran out of the room, attempting to leave the hotel by a stairwell. She ignored shouts of "police" and "stop." She was apprehended and a search discovered a piece of paper with the names of the man who had first called Iwese and Iwese's name. When asked about the paper. She said she did not know what it was. Later Tony called the room to ask whether his "sister" had come by. Another woman called twice to ask the same question, apparently because they could not locate Folami who was in custody.

The defense counsel stipulated to the existence of the heroin which was consistent with his defense which was that Folami did not know it was drugs that she was picking up. Had there been no stipulation, the government could have proved that there was heroin through the testimony of those who had custody of it–production of the drug in court is not essential. Indeed for conspiracy to possess a drug, it is not necessary to prove that there was a drug. See, e.g., *United States v. Pagan*, 196 F.3d 884 (7th Cir. 1999). It is the agreement that counts. In any event, an attempt to argue that there was no heroin would have likely failed. The conduct of the participants in the events which were the subject of the case corroborates the existence of drugs (although not necessarily heroin). I do not doubt that some defense counsel would have chosen to challenge the existence of drugs. That may be a reasonable tactic, but it is equally reasonable (and perhaps better than equally reasonable) to choose to make nothing out of the losing of the drugs where the defense is lack of knowledge.

This was a case in which the defendant had a chance to win. She never used the word "drugs" or anything like it. Had she not checked the bathroom, had she not fled the scene–it might have been difficult for the government to even prosecute the case. And there were certainly innocent reasons for her conduct. Spotting a man waiting in the bathroom of a place

where you are going to meet a woman–who you do not know, might spark flight in an innocent person. And, she may not have heard or believed the shouts of "police." Her defense counsel was not ineffective for presenting the defense that he did. Of course, he could have presented the defense and also argued about the missing heroin, but he could reasonably conclude that this would be a net loser as a tactic. A jury might find some dissonance between a defense that "I did not know what I was supposed to pick up" and "Even if I did it was not heroin." Defense counsel made an appropriate decision in this case. It is true that he wanted to use the destruction of heroin to show incompetence by some government agents (and therefore that other government agents' version of events should be rejected), but I refused to let him to do so and my ruling was affirmed. *United States v. Folami*, 236 F.3d 860 (7th Cir. 2001).

There is no ineffective assistance of counsel in the defense of this case and no reason for counsel on appeal to have raised the issue. As it was, at least in my opinion, the defendant received a benefit she may not have deserved from the fact that the jury knew the heroin had been lost. That was the acquittal on the charge of attempting to possess. That charge does not require that the existence of heroin be proved, but the jury may have understood the concept of conspiracy divorced from the actual commission of the intended crime and may not have understood that the same rule applies to an attempt by a single person to commit a possession offense. In my experience, this sometimes occurs in jury deliberation. Whether or not it happened here is of no moment. Folami's lawyer did a good job for her, and her § 2255 petition is denied.

## Conclusion

Defendant-Petitioner's § 2255 petition is denied.

ENTER:

_____
James B. Zagel
United States District Judge

DATE: AUG 15 2001

4